RECEIVED
IN LAKE CHARLES, LA.

APR 29 2013

TONY R. MOORE CLERK
BY_____
                    DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY TOLLIVER** | : | **DOCKET NO. 2:09 CV 00313** |
| **VS.** | : | **JUDGE MINALDI** |
| **U-HAUL CO. OF TEXAS** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss for Lack of Jurisdiction and/or Alternatively, Motion for Abstention by Bob Broussard A P L C, Bob Broussard, Continental Casualty Co C N A (collectively "Broussard") (Rec. Doc. 172). An opposition was filed by D. Patrick Daniel Jr., L.L. C., and D. Patrick Daniel, Jr. (collectively "Daniel") (Rec. Doc. 175). A reply brief was filed by Broussard. (Rec. Doc. 176).

Also before the court is a supplemental Motion to Dismiss Petition for Intervention, Amended Petition for Intervention by Broussard (Rec. Doc. 179). Daniel filed an opposition (Rec. Doc. 191) and Broussard filed a reply brief (Rec. Doc. 192).

## PROCEDURAL HISTORY

**Federal Court procedural history.**

Larry Tolliver ("Tolliver"), a Florida resident/domiciliary, was involved in a March 8, 2008 automobile accident. Patrick Daniel, on behalf of Tolliver, filed a diversity tort suit against Nevada, Texas and Arizona domiciled defendants ( Rec. Doc. 1 and Civil Cover Sheet 1-1). The complaint was dismissed (Rec. Doc. 23) and then reinstated (Rec. Doc. 25). Many of the defendants were

dismissed pursuant to a Stipulation leaving only the Texas defendants (Rec. Doc. 29). The individual defendant (Troche) was also subsequently dismissed, leaving U-Haul of Texas as the sole remaining defendant (Rec. Doc. 41).

Patrick Daniel ("Daniel") was discharged by Tolliver. Tolliver attests that the reason for the discharge was Daniel's failure to communicate with him on the status of the case and Daniel's failure to keep him apprised as to the amount of medical expenses (Broussard Exhibit A - Tolliver affidavit). Daniel asserts that he was dismissed without cause. Broussard was retained by Tolliver after Daniel had been discharged and enrolled on Tolliver's behalf in the above captioned matter on September 17, 2010 (Broussard Exhibit A; Rec.Doc. 48).

On January 5, 2011 Daniel (a resident of Louisiana) filed a Petition for Intervention (Rec. Doc. 69) naming as defendants Tolliver (a Florida resident) and U-Haul (a Texas resident). In this Petition for Intervention Daniel claims "...an interest pursuant to the Retainer Contract entered by and between Intervenor and Client." (Paragraph VII, Rec Doc. 69).

Broussard asserts that Tolliver ordered him to settle the U-Haul litigation (Rec. Doc. 149.1). Broussard asserts that, under the Rules of Professional Responsibility governing Louisiana lawyers, he was compelled to follow the instructions of his client, Tolliver (Rules of Professional Responsibility 1.2) and settle the case.

Notice was provided to this court that the Tolliver action against U-Haul was settled on August 19, 2011. (Rec. Doc 141). This court issued a 60 day Judgment of Dismissal order on August 26, 2011. (Rec. Doc. 142).

On September 14, 2011 Daniel filed a Motion for leave to file an "Amended Complaint for Intervention." (Rec. Doc. 143). Broussard asserts that this "Amended Complaint for Intervention"

2

added new (Louisiana) parties, Bob Broussard and Bob Broussard, A Professional Law Corporation,

and added new causes of action and damage claims against the newly added (Louisiana) parties.

These newly added causes of action and damage claims included the following:

> o "Lawyer (Broussard) failed to retain experts timely and failed to meet Court imposed deadlines resulting in the exclusion of same from use at trial and the inability to carry Plaintiff's burden of proof. Then, Lawyer settled this matter for significantly less than the case's true and acceptable value." (Rec. Doc. 148, paragraph II).

> o "As a result of the foregoing, Client's right to collect for the injuries and damages suffered have been forever compromised, resulting in the Intervenor's inability to recover costs, expenses and attorney's fees." (Rec. Doc. 148, paragraph II).

This court issued an "Amended Judgment" on September 29, 2011 (Rec. Doc. 145) which

stated in pertinent parts:

> Considering the Notice of Settlement submitted by U-Haul Co. of Texas [doc. 141] and the August 26, 2011 60 Day Judgment of Dismissal [doc. 142],

> IT IS ORDERED that the 60 Day Judgment of Dismissal affects only Plaintiff Larry Tolliver's claims against defendant U-Haul Co. of Texas.

> IT IS FURTHER ORDERED that the intervenor claims filed by D. Patrick Daniel, Jr. and D. Patrick Daniel, Jr., LLC against Larry Tolliver and U-Haul co. of Texas in this case are preserved, and that the dismissal of Larry Tolliver's claims will not affect the rights of the intervenor claimants.

Tolliver and U-Haul filed a joint motion to dismiss the case with prejudice on December 12,

2011 (Rec. Doc. 154). The order dismissing the Tolliver case with prejudice against U-Haul was

signed on December 27, 2011 (Rec. Doc. 155). No reservation of subject matter was included in this

order dismissing the case providing for any consideration of any other matters (i.e. enforcement of

settlement agreement/consideration of the intervention).The September 29, 2011 "Amended

Judgment" was not amended thereafter to include the newly added claims Daniel filed

(Rec. Doc. 148) against the newly added non diverse parties (Broussard).

Daniel filed two Amended Complaints for Intervention seeking to add Broussard's insurer (Rec. Doc. 157/163). The first mistakenly added the insurance agent (Gilsbar) and the second properly named Continental Casualty Company.

**State Court procedural history**

On February 16, 2012 Daniel filed a State Court action against Broussard and Continental (Broussard Exhibit B). Tolliver and U-Haul were not named as defendants. Daniel made identical allegations against Broussard in this Petition as he did in the Amended Complaint of Intervention. Broussard filed a Special Motion to Strike (Broussard Exhibit C). Daniel amended the State Court action (Broussard Exhibit F) and Broussard filed a Special Motion to Strike the amended petition (Broussard Exhibit G). Honorable Judge Clause, Fifteenth Judicial District Court, Lafayette Parish, denied the defendants' Special Motions to Strike and exceptions (Broussard Exhibit H - Judgment). On application of Broussard's writ to the Third Circuit, the Third Circuit granted the writ in part and denied the writ in part.  (Broussard Exhibit J to Motion to Dimiss Based upon Res Judiciata). Relevant to the inquiry in this motion, the Third Circuit found that Daniel had no right of action as to the negligent representation claim against Broussard, because the claim was essentially a malpractice claim that only Tolliver could assert.

<u>**LAW**</u>

<u>**Subject Matter Jurisdiction**</u>

Broussard makes three arguments concerning subject matter jurisdiction:

1)      He argues that Daniel's "Amended Complaints for Intervention" are new
        suits that do not meet the diversity requirements of federal law;

2)      Broussard argues that this court lacks subject matter jurisdiction because the Amended Petition for Intervention against Broussard lacks complete diversity sufficient for the exercise of supplemental jurisdiction; and

3)      He argues that this court has not retained jurisdiction to adjudicate any supplemental matters.

First, Broussard argues that, although Daniel's pleading is styled as a "Amended Complaint for Intervention," it is, in reality, a new action which seeks damages against someone who was not a party to the original suit. Broussard asserts that no diversity exists between the parties and therefore, this court has no jurisdiction.

Daniel argues that he had a right to intervene pursuant to Fed. R. Civ. P. 24(a). Daniel further argues that diversity is determined at the time the suit is filed, subsequent changes in parties cannot destroy diversity, and supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) applies as Daniel's claims arise from the same case or controversy.

In Daniel's original Petition for Intervention, he sought to protect his costs and fees pursuant to his contract with Tolliver. The only named parties were Tolliver and U-Haul. (Rec. Doc. 69). In the Amended Complaint for Intervention, Broussard argues that Daniel added new parties (the Broussard defendants), did not refer to the original contract with Tolliver, alleged new causes of action, and sought damages outside his attorney fee contract with Tolliver. Daniel argues that all his claims arise out of the collection of attorneys fees and costs done on the Tolliver case.

Fed.R.Civ.P.24 states:

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

   **(1)** is given an unconditional right to intervene by a federal statute; or

5

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b) Permissive Intervention.**

(1) *In General.* On timely motion, the court may permit anyone to intervene who:

**(A)** is given a conditional right to intervene by a federal statute; or

**(B)** has a claim or defense that shares with the main action a common question of law or fact.

(2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:

**(A)** a statute or executive order administered by the officer or agency; or

**(B)** any regulation, order, requirement, or agreement issued or made under the statute or executive order.

(3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

**(c) Notice and Pleading Required.** A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

(Amended December 27, 1946, effective March 19, 1948; December 29, 1948, effective October 20, 1949; January 21, 1963, effective July 1, 1963; February 28, 1966, effective July 1, 1966; March 2, 1987, effective August 1, 1987; April 30, 1991, effective December 1, 1991; April 12, 2006, effective December 1, 2006; April 30, 2007, effective December 1, 2007.)

Daniel has not asserted an unconditional right to intervene by federal statue pursuant to Rule 24(a)(1).

"A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *League of United Latin American Citizens, Dist. 19 v. City of Boerne,* 659 F.3d 421, 433 (5th Cir. 2011). Once a party establishes all of the prerequisites to intervention as a matter of right, "the trial court has no discretion to deny the intervention." *Florida Medical Ass'n, Inc. v. Department of Health, Educ., & Welfare,* 2011 WL 4459387, 8 (M.D.Fla., 2011); *Loyd v. Ala. Dep't of Corrections,* 176 F.3d 1336, 1340–41 (11th Cir.1999); *see also Purcell v. Bankatlantic Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir.1996). The inquiry under Rule 24(a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application; that " 'intervention of right must be measured by a practical rather than technical yardstick.' " *Ceres Gulf v. Cooper,* 957 F.2d 1199, 1202 (5th Cir. 1992); *United States v. Texas E. Transmission Corp.,* 923 F.2d 410, 413 (5th Cir.1991) (citation omitted).

Timeliness is the first element to be considered. There are no absolute measures of timeliness pursuant to Rule 24(a); it is determined from all the circumstances. *Heaton v. Monogram Credit*

*Card Bank*, 297 F.3d 416 (5th Cir. 2002).  The first timeliness factor is "[t]he length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene." *In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 248 (5th Cir. 2009).

This case was filed on February 26, 2009.  Daniel represented the plaintiff until Tolliver discharged him and hired Broussard.  Broussard first attempted to enroll as counsel on September 8, 2010. Daniel's Motion to Intervene was filed on November 9, 2010.  Tolliver's action against U-Haul was settled on August 19, 2011. This court  issued a 60 day Judgment of Dismissal order on August 26, 2011.  On September 14, 2011 Daniel filed a Motion for leave to file an "Amended Complaint for Intervention."  An Amended Judgment was issued on September 29, 2011 which stated in pertinent part that "the intervenor claims filed by D. Patrick Daniel, Jr. and D. Patrick Daniel, Jr., LLC against Larry Tolliver and U-Haul co. of Texas in this case are preserved, and that the dismissal of Larry Tolliver's claims will not affect the rights of the intervenor claimants."

Tolliver and U-Haul filed a joint motion to dismiss the case with prejudice on December 12, 2011 (Rec. Doc. 154). This court signed the order dismissing the Tolliver case with prejudice against U-Haul on December 27, 2011 (Rec. Doc. 155). Broussard points out that no reservation of subject matter was included in this order dismissing the case providing for any consideration of any other matters (i.e. enforcement of settlement agreement/consideration of the intervention).  Moreover the September 29, 2011 "Amended Judgment" was not amended thereafter (i.e. after the dismissal *with prejudice*) to include the newly added claims Daniel filed (Rec. Doc. 148) against the newly added non diverse parties (Broussard).

8

The second timeliness factor weighs the prejudice to other parties caused by the delay in seeking intervention. The prejudice to be considered in ruling on intervention of right is that created by the intervenor's delay in seeking to intervene after it has learned of its interest in the action, not prejudice to existing parties if intervention is allowed. *Stallworth v. Monsanto Co.,* 558 F.2d 257, 265 (5th Cir.1977). The cause of action in the Amended Intervention is based on Broussard's alleged lack of diligence in developing the case and in settling for an amount Daniel believes was too low. Daniel knew of his interest in the action when he filed his original intervention, although his interest in this alleged cause of action, if any, arguably didn't arise until Tolliver settled his case. Ideally, the Amended Intervention should have been filed prior to the Judgment of Dismissal. However, with the reservation of Daniel's rights in Intervention, the court does not consider the amendment untimely.

The second element necessary to establish an intervention as of right, is that Daniel must establish that he has an interest relating to the property or transaction which is the subject of the action. To demonstrate an interest relating to the property or subject matter of the litigation sufficient to support intervention of right, the applicant must have a "direct, substantial, legally protectable interest in the proceedings." *United Gas Pipe Line Co.,* 732 F.2d at 463 (quoting *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1124 (5th Cir. 1970), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970)). This requires that the interest asserted be one that the substantive law recognizes as belonging to or being owned by the applicant. *Id.* at 464; *Edwards v. City of Houston,* 78 F.3d 983, 1004 (5th Cir. 1996). Under Louisiana law, a plaintiff asserting a legal malpractice claim must prove "(1) the existence of an attorney-client relationship; (2) negligent representation by the attorney; and (3) loss caused by that negligence." *Stanley v. Trinchard,* 500 F.3d 411, 421

(5th Cir. 2007).  Daniel had an attorney-client relationship with Tolliver, but he did not have such a

relationship with Broussard. The law is clear that an attorney who has entered into a contingency-fee

contract with a client and who is subsequently discharged by that client is entitled to intervene as of

right in the underlying law suit under Fed.R.Civ.P. 24(a). *Keith v. St. George Packing Co.,* 806 F.2d

525 (5th Cir.1986). The issue here, however, is not the original intervention, but the Amended

Intervention.   Daniel has no standing to bring what amounts to a legal malpractice claim against

Broussard in the Amended Intervention. Daniel cannot establish that he has an interest in the action

alleged in the Amended Intervention.  Having, made this determination, the court need go no further

in analyzing whether Daniel has an intervention as of right.  He does not.

The court does need to determine if this amended intervention can be classified as a

permissive intervention pursuant to Rule 24(b).[1]  A court may allow the intervention of anyone who

"shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). The

decision to allow permissive intervention is entirely within the discretion of the district court, which

must "consider whether the intervention will unduly delay or prejudice the adjudication of the

original parties' rights." Fed.R.Civ.P. 24(b)(3); *Aransas Project v. Shaw,* 404 Fed.App'x. 937, 941-

942, 2010 WL 5184792, *4 (5th Cir. 2010);  *Staley v. Harris County Tex.,*  160 Fed.App'x. 410,

414, 2005 WL 3529327, *3 (5th Cir. 2005); *New Orleans Public Service, Inc. v. United Gas Pipe

Line Co.,* 732 F.2d 452, 471 (5th Cir.1984).  Even when there is common question of law or fact,

or the requirements of 24(b) are otherwise satisfied, a district court may deny permissive intervention

if such would "unduly delay or prejudice the adjudication of the rights of the original parties."

---

[1] Broussard makes the conclusory assertion in his brief that Daniel's amended intervention is neither as of right nor permissive pursuant to Rule 24, but cites no law to support this assertion.

10

*Kneeland v. Nat'l Collegiate Athletic Ass'n,* 806 F.2d 1285, 1289 (5th Cir.1987). The Amended Intervention does affect the rights of Tolliver, but does not affect U-Haul, and it adds two new, non-diverse parties.

The court agrees with Broussard's argument that the amended intervention is more properly classified as a new suit involving non-diverse parties in which a new cause of action is alleged and in which new damages are being sought. The original suit between Tolliver and U-Haul was a diversity action in which Daniel claimed an interest pursuant to a retainer contract executed by Tolliver. The Amended Intervention alleges what appears to be a malpractice complaint. Daniel alleges that Broussard "failed to retain experts timely and failed to meet court deadlines resulting in the exclusion of the same from use at trial and the inability to carry the plaintiff's burden of proof. Then, Lawyer (Broussard) settled this matter for significantly less than the case's true and acceptable value." Amended Complaint in Intervention at ¶ II. Daniel adds Broussard's professional liability carrier as well. There is no common question of law or fact shared between the main action and the Amended Intervention. Therefore a permissive intervention is not applicable.

Next, Broussard makes much of the fact that Tolliver's claim against U-Haul was dismissed with prejudice. The court had issued an amended judgment stating that the dismissal would not affect the (then existing) rights of Daniel in the intervention. While the court intended to protect the existing rights in intervention, this was not blanket leave to file a subsequent new action labeled as an amendment to the existing intervention.

There is also no supplemental jurisdiction for the amended petition for intervention. The

express provisions of 28 U.S.C. §1367[2] preclude supplemental jurisdiction from being invoked when the original action is based upon diversity. Tolliver, Daniel and Broussard/Continental are not diverse parties. Tolliver, Daniel and Broussard are all Louisiana residents.

Prior to the enactment of § 1367 in 1990, permissive intervention required an independent jurisdictional basis, whereas intervention as of right fell plainly within a federal court's ancillary jurisdiction. *See Am. Nat'l Bank & Trust Co. of Chicago v. Bailey,* 750 F.2d 577, 583 (7th Cir.1984) (citing 7A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1917 (1972)). Under the plain language of § 1367(b), however, "it is no longer necessary to distinguish between intervention of right and permissive intervention for the purpose of establishing jurisdiction."

---

[2] **§ 1367. Supplemental jurisdiction**

**(a)** Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

**(b)** In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

**(1)** the claim raises a novel or complex issue of State law,
**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
**(3)** the district court has dismissed all claims over which it has original jurisdiction, or
**(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
**(d)** The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.
**(e)** As used in this section, the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States.

*Conseco v. Wells Fargo Fin. Leasing, Inc.,* 204 F.Supp.2d 1186, 1192 (S.D.Iowa 2002) (internal quotation marks omitted) (citing 6 Moore's Federal Practice 3d § 24.22[2] ); *see also Langone v. Flint Ink N. Am. Corp.,* 231 F.R.D. 114, 117 n. 3 (D.Mass.2005) (explaining that § 1367(b) "makes no distinction between intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b)"); *Liberty Mut. Group v. Hillman's Sheet Metal & Certified Welding, Inc.,* 168 F.R.D. 90, 92 (D.Me.1996) (observing that the "plain language of § 1367(b) makes no distinction between intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b)"). *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Perlberg,* 268 F.R.D. 218, 223 (D. Md. 2010).

Nevertheless, there appears to be some disagreement among courts as to whether a distinction still exists, and whether an independent jurisdictional basis is therefore required for the claims of nondiverse defendant-intervenors. *See Langone,* 231 F.R.D. at 117 n. 3 (explaining that § 1367 "arguably provides independent jurisdiction over a permissive defendant-intervenor's claims," but noting that "this question is hardly a settled one"); *but see Conseco,* 204 F.Supp.2d at 1192 (stating that "[i]n a case founded solely on the court's diversity jurisdiction, the claims of a party who intervenes as a defendant, of right or permissively, are within the court's supplemental jurisdiction if part of the same case or controversy as the claims in the original action"). An alleged malpractice or negligence claim is not part of the same case or controversy as the claims in the original action, a claim for attorneys fees and costs pursuant to a retainer contract.

The Court has decided issues of supplemental jurisdiction after the outset of a suit. In *Merit Elec., Inc. v. Motiva Enterprises, LLC,* the suit was initiated in June 24, 2010, and the Court resolved

whether supplemental jurisdiction was established for a Plaintiff-Intervenor in November 2010.[3] The Court determined that the intervenor would be more properly aligned as a plaintiff in this suit, which implicated 28 U.S.C. §1367(b). Similarly, Daniel would be properly aligned as a plaintiff in the case at bar. Therefore, the Court must determine whether exercising supplemental jurisdiction over the intervention claims would be inconsistent with diversity jurisdiction. The Amended Intervention will not be permitted because complete diversity would be destroyed.[4]

The Court in *Foster v. Board of Trustees of Butler County Community College*, 771 F. Supp. 1118 (D. Kan. 1991), cited by Broussard, faced a similar situation as is posed by the case at bar. In *Foster,* a judgment was entered against the defendants, the monies were tendered into the registry of the Court, and one attorney filed a motion to have the court determine the proper allocation of the fees. The Court, in declining the opportunity to rule on the pending motion to allocate fees cited several reasons. It specifically pointed out that the attorney fee dispute did not arise out of the transaction giving rise to the lawsuit-the automobile accident (identical to the Daniel action). *Id.* at 1121. The court also declined ruling because it would be unable to resolve the attorney fee dispute absent substantial fact finding (identical to the Daniel action). *Id.* The *Foster* court further held that the failure of the Court to resolve the attorney fee dispute will not deprive the parties of any rights (Daniel has also filed a State Court action) and the Court need not decide the attorney fee dispute to protect the integrity of the underlying litigation. *Id.* at 1122. The *Foster* court's reasoning as applicable to the case at bar. Accordingly, this court will decline to exercise supplemental or ancillary jurisdiction. In declining to exercise supplemental or ancillary jurisdiction, this court is

---

[3] 2011 WL 900306 (M.D. La. 2011).

[4] *Id.*

14

influenced by the fact that Daniel filed a petition for damages in state court that sets forth parallel issues and parties as those listed in the Amended Complaint of Intervention.

Although the general rule allows for state and federal courts to consider parallel substantive issues, there are circumstances in this case that dictate the federal court abstaining. The federal court may abstain from exercising jurisdiction when there are exceptional circumstances in which dismissal of a federal suit due to the presence of a concurrent proceeding may be appropriate for reasons of wise judicial administration. *Colorado River Water Conservation District v. United States*, 444 U.S. 800, 817-18 (1976).  A court may abstain under *Colorado River* only if, among other requirements, there are parallel proceedings in state and federal court. *Brown,* 462 F.3d at 395 n. 7. Proceedings are parallel when "the two suits involve the same parties and the same issues." *American Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.,* 408 F.3d 248, 251 (5th Cir.2005).

Broussard argues that the exceptional circumstances present in the current case are that the state court is in a better posture to resolve the issues pending before the federal court and this court agrees.  Therefore, a motion to stay will  be granted to allow the Fifteenth Judicial District Court time to resolve the issue of attorneys' fees raised in Daniel's original intervention against Tolliver and U-Haul.[5]

## Conclusion

This court will GRANT Broussard's Motion to Dismiss the Amended Intervention and will

---

[5] Because this court has decided that it does not have subject matter jurisdiction over the Daniel v. Broussard intervention, it will not reach the merits of Broussard's second Motion to Dismiss Based on Res Judicata (Rec. Doc. 179), in which Broussard argues that because the Louisiana Third Circuit has decided Daniel has no right of action against Broussard for a negligent representation claim, this claim is barred by res judicata in this court.

order a STAY in the original intervention, ABSTAINING and allowing the state court to resolve the issue of attorney's fees.

Lake Charles, Louisiana, this **29** day of  April, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

16