UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY TOLLIVER** | : | **DOCKET NO. 09-cv-313** |
| **VS.** | : | **JUDGE MINALDI** |
| **U-HAUL CO. OF TEXAS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Leave to File an Amended Complaint for Intervention. Doc. 211. For the following reasons, the court finds that proposed intervenor, D. Patrick Daniel, Jr., LLC ("Daniel"), cannot establish this court's subject matter jurisdiction over his intervention. We therefore **RECOMMEND** that the Motion [doc. 211] be **DENIED**. As we have rescinded our previous order granting intervention and the remaining claims and parties have been dismissed, our recommendation, if accepted, results in the termination of this litigation.

**I.**
**BACKGROUND**

This case arose from a motor vehicle accident in which plaintiff Larry Tolliver ("Tolliver") was initially represented by Daniel. *See* doc. 1, pp. 1–4. Daniel filed suit in this court on February 26, 2009, alleging that Tolliver had been injured when a U-Haul trailer became disconnected from his (Tolliver's) vehicle, causing the vehicle to leave the roadway. *Id.* The petition alleged that Tolliver had suffered injuries and damages exceeding the jurisdictional limit, but gave no details on Tolliver's injuries. *Id.* at 4.

On September 29, 2010, this court granted attorney Bob Broussard's motion to enroll as counsel for Tolliver.[1] Doc. 50. Daniel moved to intervene in order to recover on his retainer contract, and this court granted the motion. Docs. 55, 68; *see* doc. 69 (intervenor complaint). Through Broussard, Tolliver then filed an answer and reconventional demand against Daniel but subsequently moved to dismiss that complaint, which motion was granted. Docs. 76, 96, 104.

On August 19, 2011, defendant U-Haul Company of Texas filed a Notice of Settlement and was subsequently dismissed. Docs. 141, 155. Daniel amended his intervenor complaint to assert claims against Broussard and Broussard's insurer, Continental Casualty Company ("CNA"). Docs. 148, 157, 163. Broussard and CNA then filed a Motion to Dismiss and/or Motion for Abstention on the petition and amended petitions for intervention. Docs. 172, 179. The district judge granted the motion to dismiss as to the claims against Broussard and CNA and imposed a stay with respect to Daniel's claims against Tolliver in order to allow the state court to resolve the issue of attorney's fees raised in the original intervention. Docs. 196, 197. Daniel later moved to lift the stay and the district judge granted the motion.[2] Docs. 205, 206.

On July 7, 2016, this court issued an order [doc. 210] rescinding its grant of the original motion to intervene and instructing Daniel to submit an amended petition, addressing whether or not this court can exercise subject matter jurisdiction over the claims of the intervenor.[3] Pursuant to that order, Daniel filed the Motion for Leave to File an Amended Complaint for Intervention currently before the court. Doc. 211.

---

[1] The proposed complaint for intervention states that Daniel's representation of Tolliver lasted from June 18, 2008, until August 31, 2010. Doc. 211, att. 2, p. 1.
[2] Around this time Broussard notified the court that he was unable to locate Tolliver for the purpose of serving him with notice of his motion to withdraw. Doc. 207, atts. 2–3.
[3] We also ordered Daniel to address his exception challenging the court's jurisdiction over the reconventional demand of plaintiff Tolliver. As Daniel points out, Tolliver filed a motion to dismiss the reconventional demand, which was granted. Therefore this exception is moot.

## II.
## LAW & ANALYSIS

An attorney who has formerly represented the plaintiff and intervenes for recovery of attorney's fees from the underlying suit is generally aligned as a plaintiff seeking intervention under Rule 24. *Samuels v. Twin City*, 602 Fed. App'x 209, 210 (5th Cir. 2015) (unpublished) (citing *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010)). Such claims are not entitled to supplemental jurisdiction under 28 U.S.C. § 1367 and the claim must independently satisfy the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 210–11. We therefore examine the proposed intervention to see if Daniel has shown both diversity of citizenship and an amount in controversy in excess of $75,000.

### A. Amount in Controversy

A plaintiff's assertion that the amount in controversy is met is generally accepted, if made in good faith. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) (citation omitted). Thus the court should only reject such an assertion if it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 590 (1938).

The statement provided here leaves us skeptical that the jurisdictional amount allegation was made in good faith. There is no indication as to the extent of Tolliver's injuries or damages in the underlying suit, nor of the interest Daniel believes he is owed under the retainer contract. *See* doc. 211, att. 2. Although Daniel asserts that he incurred expenses in his representation of Tolliver, he gives no indication of the amount. *Id.* Finally, the only indication of the amount of settlement comes from Daniel's assertion in a prior amended complaint for intervention that Broussard settled the matter "for significantly less than the case's true and acceptable value." Doc. 148, p. 1. As Daniel's claims against Broussard and Broussard's insurer have been dismissed, the proposed

petition for intervention fails to show how the claims against Tolliver could exceed $75,000. We find it dubious that Daniel could make such a showing in good faith, even if given another opportunity to amend.

### B. Diversity

Even if Daniel were to amend and properly allege the amount in controversy, the proposed amendment still fails to establish this court's jurisdiction.

It has long been the case in this circuit that when jurisdiction is based on diversity, courts must strictly adhere to the rule that citizenship of the parties be "'distinctly and affirmatively alleged.'" *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir.1975)). When a party to a suit is a limited liability company (LLC), "the citizenship of [the] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation. *Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir.1985) (citing *Neeley v. Bankers Trust Co.*, 757 F.2d 621, 634 n. 18 (5th Cir.1985)).

In the proposed amendment Daniel states that it is a Louisiana LLC. Doc. 211, att. 2. It also alleges that Tolliver was a resident of Louisiana at the time intervention was originally proposed and that defendant U-Haul Company of Texas is a Texas corporation. *Id.* However, it does not state the members of itself as an LLC or their citizenship, nor does it provide U-Haul's principal place of business or place of incorporation. Thus Daniel has not properly alleged the citizenship of itself or U-Haul, making it impossible for this court to determine if the diversity of citizenship requirement is met.

Moreover, even if the respective citizenships are as asserted above, Daniel should not be aligned with Tolliver in this matter. In *Griffin*, the Fifth Circuit noted that, "[b]ased on the nature of [the former attorney's] claim," he shared the same ultimate interest in the underlying suit as his former client and was thus properly aligned as a plaintiff in intervention. 621 F.3d at 388. Here, however, only Tolliver and Daniel, if allowed to intervene, would be the only parties remaining in the litigation and would, therefore, necessarily be opposed to each other.  Tolliver's answer to the original petition for intervention makes it clear that the ultimate subject of the intervention would be the validity of the retainer contract, which Tolliver disputes, and the breakdown of the attorney-client relationship, rather than the settlement reached with U-Haul over five years ago. Doc. 76, pp. 1–4. Therefore, while as in *Griffin* Daniel would be aligned as a plaintiff, Tolliver would instead be a defendant in intervention. Assuming that the citizenship allegations made above are correct, then, there is no diversity of citizenship between Daniel as an LLC and Tolliver as a Louisiana resident, and this court would thus lack subject matter jurisdiction over the suit.

### III.
#### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the Motion for Leave to File an Amended Complaint for Intervention [doc. 211] be **DENIED**.

Under the provisions of 28 U.S.C. §636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved**

**party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED in Chambers this 8th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE